IN THE UNITED STATES DISCTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL NO. 09-574-03 |
| | : |
| CLARENCE POWELL, | : |

## MEMORANDUM

**KENNEY, J.**                                                                                                              June 27, 2025

### I.     INTRODUCTION

Before the Court is Defendant Clarence Powell's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 309. The Government filed a response in opposition. ECF No. 310. Accordingly, the motion is ripe for consideration.

Powell seeks a sentence reduction based on 2018 reforms enacted by section 403 of the First Step Act, which amended 18 U.S.C. § 924(c)(1)(C) to eliminate the mandatory imposition of consecutive sentences for first-time offenders. Powell was convicted of two counts of Hobbs Act robbery and conspiracy under 18 U.S.C. § 1951(a), and two counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). *See* ECF No. 310 at 4. Powell received a sentence of 697 months of imprisonment, to be served consecutively to terms imposed in two other cases (No. 09-86 and No. 10-418), resulting in a total sentence of 841 months—or 70 years and 1 month. *Id.* at 4-5. Powell received such a lengthy sentence largely because, at the time of his sentencing, each "second or subsequent conviction" of § 924(c) carried a consecutive minimum sentence of "not less than 25 years." 18 U.S.C. § 924(c)(1)(C) (2006). Powell's motion is denied for the reasons discussed below.

1

## II.    BACKGROUND

Between 2007 and 2008, Powell engaged in a series of serious offenses. *See* ECF 310 at 1. Relevant here are the armed robbery of a McDonald's on September 12, 2007, Case No. 09-86, and two subsequent 2008 home invasion robberies targeting business owners, Case No. 09-574-03. Powell was convicted first for his role in the McDonald's robbery. On July 15, 2009, he pled guilty to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Case No. 09-86. He was sentenced to 108 months' imprisonment, consisting of 24 months for the robbery charge and a mandatory consecutive term of 84 months for the § 924(c) count. *Id.*; ECF No. 310 at 4.

Powell's current motion for compassionate release relates to the subsequent conviction stemming from his involvement, alongside two co-defendants, in the 2008 home invasion robberies that targeted business owners. *See* ECF 309 at 6. He was convicted by a jury of conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count One); two counts of Hobbs Act robbery, also under § 1951(a) (Counts Two and Four); and two counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Three and Five). ECF 310 at 4. On May 24, 2011, Powell received a total sentence of 697 months' imprisonment consisting of 97 months on Counts One, Two, and Four, to run concurrently, followed by a mandatory consecutive sentence of 300 months on Count Three and an additional consecutive term of 300 months on Count Five. *Id.*

These convictions were ordered to run consecutively to the 108-month sentence Powell received on October 22, 2009, in Case No. 09-86. *Id.* at 5. He was later sentenced to an additional 36 months in Case No. 10-418 on October 8, 2013. *Id.* Together, these sentences resulted in a total term of imprisonment of 841 months (equivalent to 70 years and 1 month). *Id.*

Powell is currently serving his seventeenth year of incarceration. ECF 309 at 6. In his motion, he expresses a desire for "the same opportunity all his co-defendants were given." *Id.* at 2. His co-defendants, unlike Powell, received significantly shorter sentences pursuant to plea agreements. *See* Case No. 09-00574-01, 09-00574-02.

Powell now moves for compassionate release, arguing that extraordinary and compelling circumstances warrant relief. ECF No. 309 at 15. He points to recent amendments to the § 924(c) mandatory minimums and contends that his current sentence is excessively long under today's legal standards. *Id.* at 20. Powell also emphasizes his significant rehabilitation while incarcerated and his young age at the time of the offense as additional grounds for relief. *Id.* at 17.

### III.    LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons" warrant a sentence reduction. Such a reduction must be consistent with both the U.S. Sentencing Commission's policy statements and sentencing factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 821 (2010). Whether a prisoner has established an "extraordinary and compelling reason for release" is a "threshold question" that determines a prisoner's eligibility for compassionate release. *United States v. Stewart*, 86 F.4th 532, 535 (3d Cir. 2023). For defendants serving unusually long sentences, the Sentencing Guidelines provide that "extraordinary and compelling reasons" may exist when the defendant has served at least ten years and is experiencing a gross disparity between the sentence imposed and the sentence likely to be imposed if sentenced today. U.S.S.G. § 1B1.13(b)(6). However, the Guidelines make clear that this applies only to changes "other than an amendment to the Guidelines Manual that has not been made retroactive," meaning that non-retroactive

amendments to the Guidelines do not constitute extraordinary and compelling reasons for relief. *See* U.S. SENT'G GUIDELINES MANUAL app. C at 208 (U.S. SENT'G COMM'N 2023).

Section 403 of the First Step Act, which took effect on December 21, 2018, amended 18 U.S.C. § 924(c) to limit the applicability of the 25-year mandatory minimum for second or subsequent convictions by requiring that the later offense "occurs after a prior conviction under this subsection has become final." Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221. Congress expressly declined to make this amendment retroactive, providing instead that "this section shall apply to any offense that was committed before the date of enactment of this Act if a sentence for the offense has not been imposed as of such date of enactment." *Id.* § 403(b). The Third Circuit addressed the non-retroactivity of § 403 of the First Step Act in *United States v. Andrews*, holding that Congress "specifically decided that the changes to the 18 U.S.C.S. § 924(c) mandatory minimums would not apply to people who had already been sentenced." 12 F.4th 255, 261 (3d Cir. 2021).

On November 1, 2023, the Sentencing Commission issued Amendment 814 to its policy statement on compassionate release, which permits courts to consider non-retroactive changes in law in narrowly defined circumstances. 88 Fed. Reg. at 28,254. The Third Circuit held that Amendment 814 does not abrogate *Andrews* in *United States v. Rutherford*. 120 F.4th 360 (3d Cir. 2024). Citing Congress's deliberate choice to make the § 924(c) amendments non-retroactive, the Third Circuit held that treating such changes as an "extraordinary and compelling reason" for release would conflict with the will of Congress. *Id.* at 376. Congress's decision not to apply the reforms retroactively cannot, at the same time, be used to justify early release, as doing so would create internal conflict within the statutory scheme. *Id.*

**IV.     DISCUSSION**

Powell's motion for compassionate release is denied because he fails to satisfy his burden of demonstrating "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). Powell argues that Amendment 814 to the Sentencing Guidelines abrogates the Third Circuit's prior decision in *Andrews*. *See* ECF No. 309 at 8. However, in *Rutherford*, the Third Circuit reaffirmed the continuing validity of *Andrews* and held "the First Step Act's change to § 924(c) cannot be considered in the analysis of whether extraordinary and compelling circumstances make a prisoner eligible for compassionate release." *Rutherford*, 120 F.4th at 380. Accordingly, Powell's reliance on Amendment 814 is unavailing.

Powell also contends that the length of his sentence is "unusually long" as grounds for compassionate release. ECF 309 at 21. However, the duration of a sentence does not constitute an "extraordinary and compelling reason" for compassionate release, as a sentence that was lawfully imposed and mandated by statute at the time of sentencing cannot by itself justify a reduction. *See United States v. Maumau*, 993 F.3d 821, 838 (10th Cir. 2021) ("[T]he imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence."); *see also United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) ("There is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed.").

Powell also cites his age at the time of the offense and his subsequent rehabilitation as grounds for release. *See* ECF No. 309 at 22. Youth at the time of the offense is not listed as a basis for relief under U.S.S.G. § 1B1.13 and is generally accounted for at the time of sentencing. Moreover, under 28 U.S.C. § 994(t), rehabilitation alone cannot serve as a basis for

5

compassionate release. Courts in this Circuit have consistently rejected compassionate release motions grounded solely on youthful age and rehabilitation. *See, e.g.*, *United States v. Wilson*, 2024 WL 4793713, at *5 (E.D. Pa. Nov. 14, 2024) (holding that young age, either alone or combined with rehabilitation, does not satisfy the "extraordinary and compelling" standard); *United States v. Andrews*, 480 F.Supp. 3d 669, 687-88 (E.D. Pa. 2020) ("The Court is not aware of any cases where young age at the time of the offense and rehabilitation were found to be both extraordinary and compelling to warrant granting compassionate release without other reasons to support it."), *aff'd*, 12 F.4th 255 (3d Cir. 2021). Thus, Powell's youth at the time of the offense and subsequent rehabilitation do not constitute extraordinary and compelling reasons warranting compassionate release.

## V.     CONCLUSION

Powell has not presented "extraordinary and compelling reasons" to reduce his sentence under compassionate release, as required by 18 U.S.C § 3582(c)(1)(A)(i). The Court therefore denies Powell's motion to modify the term of his imprisonment. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

_____
**CHAD F. KENNEY, JUDGE**